UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Abdirahman S., | File No. 26-CV-440 (JMB/DJF) |
| Petitioner, | |
| v. | |
| Kristi Noem, Pamela Bondi, Todd Lyons, David Easterwood, and Eric Tollefson, | ORDER |
| Respondents. | |

---

Graham Blair Ojala-Barbour, Ojala-Barbour Law Firm, St. Paul, MN, for Abdirahman S.

Sarah Hogfoss and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Pamela Bondi, Todd Lyons, David Easterwood, and Eric Tollefson.

---

This matter is before the Court on Petitioner Abdirahman S.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Pamela Bondi, Todd Lyons, David Easterwood, and Eric Tollefson (together, Respondents) oppose the Petition. For the reasons explained below, the Court grants the Petition.

### FINDINGS OF FACT

1.  Abdirahman S. is a citizen of Somalia who entered the United States without inspection in November 2024. (Pet. ¶¶ 28, 30.)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

2.  At or near in time to Abdirahman S.'s entry into the United States, Respondents detained and paroled Abdirahman S. pursuant to INA § 212(d)(5)(A) for one year starting on January 3, 2025. (Pet. ¶ 30.) At that time, Respondents released him from custody. (*Id.*)

3.  Abdirahman S. was later issued a Notice to Appear, placing him in full removal proceedings under 8 U.S.C. § 1229a. (*Id.*)

4.  He then applied for asylum and withholding of removal. (*Id.* ¶ 31.) His applications are now pending, and he has an individual hearing scheduled on February 6, 2026. (*Id.*)

5.  He has been living in the United States freely since he was paroled in 2024 and has no criminal history. (*Id.* ¶¶ 29, 32.) He has a valid work permit based on his pending asylum application and has never missed a court hearing or otherwise violated the conditions of his release from custody. (*Id.* ¶ 31.)

6.  Respondents redetained Abdirahman S. on December 2, 2025, and he is currently detained in Minnesota. (*Id.* ¶ 33.)

7.  Abdirahman S. filed his Petition on January 19, 2026. (Pet.) He asks the Court to immediately release him from custody or, in the alternative, order that he be granted a bond hearing pursuant to 8 U.S.C. § 1226 within seven days. (*Id.* at 21.)

## DISCUSSION

Respondents argue that the detention of Abdirahman S. is mandatory pursuant to 8 U.S.C. § 1225(b). For the reasons discussed below, the Court concludes that Respondents' interpretation lacks merit. Furthermore, Respondents do not address the argument that

detained Petitioner while his parole was still valid and without any notice of revoking his parole. Because Respondents continue to rely on an incorrect interpretation of sections 1225 and 1226, and because the portion of the Petition challenging Abdirahman S.'s arrest is not directly opposed, the Court grants the Petition in part and orders immediate release.

### A.   Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

### B.   Interpretation of Section 1225

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who

3

are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force

4

implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Abdirahman S. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

The fact that Abdirahman S. has applied for asylum does not change the conclusion. The definition of "admission" in this context means "the lawful *entry* of the noncitizen into

5

the United States after inspection and authorization by an immigration officer." *Barco Mercado*, 2025 WL 3295903 at *5 (quoting 8 U.S.C. § 1101(a)(13)(A) (emphasis altered)). Even by applying for asylum, a "noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful *entry* into the United States," because the "entry, whether lawful or unlawful, occurred years ago." *Id.* (emphasis in original). Other courts have reached this same conclusion under similar facts. *E.g.*, *Quishpe-Guaman v. Noem*, No. 4:25-CV-00211-TWP-KMB, 2025 WL 3201072, at *4 (S.D. Ind. Nov. 17, 2025) (finding it was "strong evidence" that the federal government earlier released a noncitizen on her own recognizance under section 1226 and rejecting Respondents' argument that her asylum application shows that she "is plainly seeking admission to the United States"); *Mayamu K. v. Bondi*, File No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *4, 8 (D. Minn. Oct. 20, 2025) (concluding that despite a pending asylum application, the petitioner's previous Order of Release on Recognizance under section 1226 precludes detention under section 1225).

For these reasons, the Court finds that Abdirahman S.'s detention is governed by section 1226(a), and he is not subject to section 1225(b). Pursuant to section 1226(a), Abdirahman S. is entitled to a bond hearing. 8 U.S.C. § 1226(a)(1)(2); *see also Belsai D.S.*, 2025 WL 2802947, at *5–6; *Jose Andres R.E.*, 2025 WL 3146312, at *1 n.2. Accordingly, the Court grants the Petition to the extent Abdirahman S. seeks a bond hearing.

### C. Independent Grounds for Relief

Separately and independently, the Court also grants the request for immediate release because it is persuaded by the analysis of the court in *Rodriguez-Acurio v.*

6

*Almodovar*, No. 2:25-CV-6065 (NJC), 2025 WL 3314420 (E.D.N.Y. Nov. 28, 2025). Like the petitioner in *Rodriguez-Acurio*, Abdirahman S. was previously released on temporary parole, did not violate any terms of the release, and remains in the United States with a pending asylum and withholding-of-removal application after the expiration of the temporary parole. *See id.* at *9–24. Accordingly, the Court orders that Abdirahman S. be released.[2]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Abdirahman S. from custody <u>immediately</u>, and in any event no later than <u>4:00 p.m. CT on January 23, 2026</u>.

2. On or before <u>11:00 a.m. CT on January 26, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in accordance with this Order.

3. Abdirahman S. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

4. To the extent Abdirahman S. seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 22, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court

---

[2] In light of this decision, the Court declines to address the remaining allegations and claims in the Petition.